UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO: 3:20-CV-373-DJH
(ELECTRONICALLY FILED)

SECURA INSURANCE, A MUTUAL COMPANY            PLAINTIFF

v.        **COMPLAINT FOR DECLARATORY JUDGMENT**

BOND, INCORPORATED
d/b/a GRILL & CHILL OF MIDDLETOWN            DEFENDANT

\* \* \* \* \*

Comes now the Plaintiff, SECURA Insurance, A Mutual Company, (hereinafter "SECURA"), by counsel, and for its Complaint For Declaratory Judgment against the Defendant, Bond Incorporated d/b/a Grill & Chill of Middletown (hereinafter "Grill and Chill"), respectfully states as follows:

## JURISDICTION

1. At all times relevant herein, Plaintiff, SECURA, was an insurance corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Wisconsin, and being engaged in the business of insurance, and authorized to do business and doing business in the Commonwealth of Kentucky.

2. At all times relevant herein, Defendant, Chill & Grill, was an active, for-profit, corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principle address of 4203 Stoney Brook, Louisville, Kentucky 40299. William O. Bond, the principal of Bond Incorporated d/b/a Grill & Chill of Middletown, is a citizen of the Commonwealth of Kentucky and is domiciled therein. Respondent's registered agent for service of process is William O. Bond, 4203 Stoney Brook, Louisville, Kentucky 40299.

3. This matter arises out of an insurance claim for alleged hail or wind damage to the Defendant's roof that Defendant, Grill & Chill claims occurred on or about July 20, 2019.

4. As this Complaint for Declaratory Judgment seeks declaratory relief, the amount in controversy is measured by "the value of the object of the litigation." Aus-Tex Expl., Incorporated v. Resource Energy Techs., LLC, 646 F. Supp. 2d 874, 879–80 (W.D. Ky. 2009) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) (citations omitted in original)).

5. Insofar as the Proof of Loss submitted by Defendant, Chill & Grill, to Plaintiff SECURA, asserts a claim for wind and/or hail damages totaling $157,772.80 (Proof of Loss attached hereto as "Exhibit A"), the "value of the object of the litigation" is $157,772.80, the amount of damages Defendant, Chill & Grill, has identified in its Proof of Loss that it claims as a result of the loss at issue, and which is the subject matter of the Complaint for Declaratory Judgment. Because the amount in controversy exceeds $75,000.00, the amount in controversy requirement for diversity jurisdiction in this Court is satisfied, pursuant to 28 U.S.C. §1332.

6. This Court has jurisdiction and venue as the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states, and the situs for the loss and damages claimed by Plaintiff, and which are the subject matter of the insurance contract at issue, all lie within the Federal Court for the Western District of Kentucky at Louisville.

## THE POLICY

7. This is a claim for declaratory judgment brought pursuant to the Federal Declaratory Judgment Act, wherein Plaintiff, SECURA, seeks a declaration of its rights and obligations, if any, arising from a contract of insurance, SECURA Insurance Company

Businessowners Policy, Policy No. 20-BP-003202312-8/000, entered into between SECURA and Defendant, Chill & Grill, (attached as Exhibit "B" hereto).

8. The Businessowners Policy at issue is a Kentucky contract entered into in the Commonwealth of Kentucky.

9. The claimed loss giving rise to the underlying claim occurred in Jefferson County, Kentucky.

10. Plaintiff, SECURA, issued a Businessowners Policy, Policy No. 20-BP-003202312-8/000, to Defendant, Grill & Chill, with a policy period of February 11, 2018 to February 11, 2019. This policy of insurance has been in effect at all relevant times herein.

11. The Businessowners Policy referred to above provided certain insurance coverage, pursuant to its terms, provisions, exclusions, conditions and endorsements, in regard to certain business property located at 11806 Shelbyville Road, Louisville, Kentucky.

12. The SECURA Businessowners Policy of insurance issued to Defendant, Chill & Grill, provides, in pertinent part, the following applicable provisions:

**BUSINESSOWNERS SPECIAL PROPERTY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the company providing this Insurance.
Other words and phrases that appear in quotation marks have special meaning. Refer to Section **H** – Property Definitions.

**A. Coverage**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**
Covered Property, as used in this policy, means the type of property as described in this section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of

3

Insurance is shown in the Declarations for that type of property.

    **a.** Buildings, meaning the buildings and structures at the premises described in the Declarations.

. . .

**3. Covered Causes of Loss**
Risk of Direct Physical Loss unless the loss is:
    a. Excluded in Section **B. Exclusions…**

*****

**B. Exclusions**

…

    **2.** We will not pay for loss or damage caused by or resulting from any of the following:

    …

        **k. Other types of Loss**
        (1) wear and tear

...

    **3.** We will not pay for loss or damage caused by or resulting from any of the following **B.3.a.** through **B.3.c.** But if an excluded cause of loss, that is listed in **B.3.a.** through **B.3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

…

    **b. Negligent Work**

    Faulty, inadequate or defective:

    **(1)** Planning, zoning, development, surveying, siting;

    **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    **(3)** Materials used in repair, construction, renovation or remodeling;

    **(4)** Maintenance:
        of part or all of any property on or off the described premises.

* * * * *

**E. Property Loss Conditions**

…

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and

    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

## THE CLAIMED LOSS

13. On or about November 26, 2019, Plaintiff, SECURA, received an Accord Property Loss Notice, providing first notice of a claim from Defendant, Grill & Chill, for hail damage allegedly caused to the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky 40245 on July 20, 2018.

14. Defendant Grill & Chill reported to Plaintiff, SECURA, that, on or about July 20, 2018, it sustained wind and/or hail damage to the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky 40245 and which is insured by the Businessowners Policy at issue.

15. On or about November 27, 2019, Defendant Grill & Chill reported to Plaintiff SECURA that Defendant had, recently, had a roofer inspect the roof due to leaks that were occurring, and had been informed that there appeared to be potential hail damage to the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky 40245.

## THE INVESTIGATION FINDINGS

16. As part of its investigation of the claimed loss, Plaintiff, SECURA, reviewed the weather records of Weather Underground, which indicated that no hail had fallen near the structure

located at 11806 Shelbyville Road, Louisville, Kentucky 40245 on July 20, 2018.

17. As part of its investigation of the claimed loss, Plaintiff SECURA's Senior Field Claims Representative, Penny Shewmaker, completed an inspection of the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky 40245, and did not find any hail damage.

18. As part of its investigation of the loss, Plaintiff, SECURA, thereafter, retained Ross Kimble, P.E. of Rimkus Consulting Group, Incorporated to conduct an independent engineering examination and analysis of the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky.

19. On December 11, 2019, Ross Kimble, conducted an independent engineering examination and analysis of the loss claimed and the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky.

20. As part of his investigation of the claimed loss, Ross Kimble, P.E. of Rimkus Consulting Group, Incorporated, reviewed the weather records of Core Logic, which indicated that no hail had fallen near the structure located at 11806 Shelbyville Road, Louisville, Kentucky 40245 on July 20, 2018. (Exhibit C).

21. On or about December 19, 2019, Mr. Kimble issued a Report of Findings (attached as Exhibit C hereto), and reached the following conclusions at to the cause of the roof at issue:

> "1. Numerous fractures and punctures in the roof membrane were the result of incidental mechanical damage during past installation or maintenance activity.
>
> 2. The building's single-ply membrane of roof covering **was <u>not</u> damaged by hail impacts or wind forces**."

(Exhibit C; emphasis supplied)

6

## NO COVERED LOSS

22.   Insofar as the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky did not, and does not, exhibit any damage or condition that would be considered a covered loss under the aforementioned terms of the SECURA Businessowners Policy and/or which would be excluded from any such coverage pursuant to the aforementioned exclusions, there is no insurance coverage available to Defendant, Grill & Chill, for the claimed loss at issue pursuant to the terms of the Businessowners Policy for the claimed loss at issue.

## APPRAISAL INAPPLICABLE

23.   The parties initially communicated in regard to potentially engaging in the appraisal process pursuant to the Appraisal clause of the Businessowners Policy; however, application of the Businessowners Policy provisions to the aforementioned findings of Ross Kimble, P.E. of Rimkus Consulting Group, Incorporated that there was no damage by hail or wind forces and that damage found was incidental mechanical in nature, indicates that the condition of the roof of the structure at issue was not the result of a covered loss and/or would be excluded from coverage; accordingly, Plaintiff files this Declaratory Judgment Action, seeking a determination and declaration by this Honorable Court that there is no coverage under the Businessowners Policy for the loss at issue.

24.   The Appraisal clause of the Businessowners Policy is inapplicable to resolve the current dispute, which is purely one of scope of coverage, whether the condition found is one that is covered by the terms of the policy, and is not a dispute as to the extent or amount of a covered loss.

## TIME BARRED OR LIMITED CLAIMS

25. The SECURA Businessowners Policy of insurance issued to Defendant, Chill & Grill, also provides, in pertinent part, the following applicable provisions:

**BUSINESSOWNERS SPECIAL PROPERTY COVERAGE FORM**

…

**E.   Property Loss Conditions**
…

1. **Duties In The Event Of Loss Or Damage**
   a. You must see that the following are done in the event of loss or damage to Covered property:
      …

      (2) Give us prompt notice of loss or damage. Include a description of the property involved.

      (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

4. **Legal Action Against Us**
   No one can bring a legal action against us under the insurance unless:

   a. There has been full compliance with all of the terms of this insurance; and
   b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

6. **Loss Payment**
   In the event of loss or damage covered by this policy:
   …

   d. Except as provided in (2) through (8) below, we will determine the value of Covered Property as follows:

      (1) At replacement cost without deduction for depreciation, subject to the following:
      …

          (c) You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still

8

        make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss or damage.

26. Insofar as the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky suffered any hail damage or condition that would be considered a covered loss that occurred on July 20, 2018, Defendant, Grill & Chill, is limited to pursuing a claim or making a recovery only for the actual cash value of any such damage under the aforementioned terms of the SECURA Businessowners Policy.

27. Insofar as the roof of the structure located at 11806 Shelbyville Road, Louisville, Kentucky suffered any hail damage or condition that would be considered a covered loss that occurred before November 27, 2017, Defendant, Grill & Chill, is barred from pursuing a claim or making any recovery for same under the aforementioned terms of the SECURA Businessowners Policy. For the foregoing reasons set forth herein, Plaintiff, SECURA, owes no insurance coverage to Defendant, Chill & Grill, for the loss at issue.

## PRESERVATION OF DEFENSES

28. Other terms, provisions, conditions, exclusions, and endorsements of the Businessowners Policy, Kentucky legal authorities and/or statutes not specifically addressed in the above counts, and/or not specifically pled herein may serve to bar, limit or reduce any insurance coverage under the SECURA Businessowners Policy potentially available to Defendant, Chill & Grill, for the loss at issue, and SECURA reserves and incorporate herein by reference and relies on all other portions of the SECURA Businessowners Policy and/or Kentucky legal authorities and/or statutes not specifically addressed in the above counts and/or not specifically herein pled, in support of this Complaint for Declaratory Judgment.

**WHEREFORE**, Plaintiff, SECURA Insurance, A Mutual Company, respectfully demands as follows:

1. For Judgment determining and declaring the rights of the respective parties hereto as to the insurance coverage;

2. For Judgment that Plaintiff, SECURA Insurance, a Mutual Company, does not owe any insurance coverage to Defendant, Bond Incorporated d/b/a Grill & Chill of Middletown, under Businessowners Policy Number 20-BP-003202312-8/000 for the loss claimed;

3. For Judgment for SECURA Insurance, A Mutual Company's costs, attorney fees, and expenses, if appropriate;

4. For a Trial by Jury on the issues so triable; and

5. For any and all further orders and relief to which the Plaintiff, SECURA Insurance, A Mutual Company, may now or hereafter appear entitled.

/s/ David K. Barnes_____
David K. Barnes
SCHILLER BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
T: (502) 583-4777
F: (502) 583-4780
dbarnes@sbmkylaw.com
*Counsel for Defendant, SECURA Insurance,*
 *A Mutual Company*